**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MEDICAL ACQUISITION CO., INC., | No. 24-152 |
| Plaintiff - Appellant, | D.C. No. 3:23-cv-01454-CAB-KSC |
| v. | |
| TRI-CITY HEALTHCARE DISTRICT, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court for the
Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted October 23, 2024[**]
Pasadena, California

Before: TALLMAN, R. NELSON, and BRESS, Circuit Judges.

Tri-City Healthcare District (Tri-City) filed a proof of claim in Medical Acquisition Company's (MAC) Chapter 11 bankruptcy proceedings. Tri-City's claim was based on a $4,042,754.84 judgment that it obtained against MAC in California state court. During post-judgment proceedings, the state trial court

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

awarded Tri-City another $1,135,083.12 in pre-judgment interest.

In MAC's Chapter 11 bankruptcy, Tri-City filed a proof of claim for these amounts (minus certain offsets), plus post-judgment interest. MAC objected to one aspect of Tri-City's claim, contending that Tri-City should not be allowed to obtain post-judgment interest on the $1,135,083.12 pre-judgment interest award. The bankruptcy court overruled MAC's objection to Tri-City's proof of claim, and the district court affirmed. We review a bankruptcy court's legal conclusions de novo and its factual determinations for clear error. *See In re First T.D. & Inv., Inc.*, 253 F.3d 520, 526 (9th Cir. 2001). We have jurisdiction under 28 U.S.C. § 158, and we affirm.

California law provides that "interest accrues at the rate of 10 percent per annum on the principal amount of a money judgment remaining unsatisfied." Cal. Civ. Proc. Code § 685.010(a)(1). Tri-City was entitled to pre-judgment interest in the amount of $1,135,083.12 on the $4,042,754.84 damages award. *See* Cal. Civ. Proc. Code § 1255.280(b)(2). MAC does not dispute that the pre-judgment interest award was valid or that pre-judgment interest can be part of the judgment. Instead, MAC's argument is that the $1,135,083.12 in pre-judgment interest was never made part of the state court judgment, and thus that post-judgment interest on the pre-judgment interest award is not available under § 685.010(a)(1). The bankruptcy court correctly rejected this argument, as did the district court.

California Rule of Court 3.1802 provides that "[t]he clerk must include in the judgment any interest awarded by the court." There is no reason Tri-City's pre-judgment interest award should not be regarded as part of the state court's judgment. *See Felczer v. Apple Inc.*, 63 Cal. App. 5th 406, 415 (2021) (explaining that "any judgment that establishes one party owes the other payment is a money judgment for the purposes of section 685.020, even if the precise amount owed has yet to be determined"). Here, Tri-City's judgment established its right to pre-judgment interest, which was eventually awarded. Cal. Civ. Proc. Code § 1255.280(b)(2). MAC identifies no authority conditioning Tri-City's recovery of post-judgment interest on the state court undertaking any further formalities with respect to the award of pre-judgment interest. So, the bankruptcy court's analysis was correct that Tri-City's pre-judgment interest award was part of the state court judgment, and the district court was correct in affirming that judgment.

**AFFIRMED.**